IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ISAAC ELI VILLEGAS                                                              PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:16cv856-DPJ-FKB

UNITED STATES OF
AMERICA                                                                          DEFENDANT

## REPORT AND RECOMMENDATION

Isaac Eli Villegas is a federal prisoner who formerly was incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo).[1]  He brought this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 (FTCA).  In his verified complaint, Villegas alleges that on November 24, 2015, Brian Paviglianti, a correctional officer at FCC-Yazoo, "intentionally, without justification, wantonly, and wrongly slam[med] a metal access door on Plaintiff's left hand."  [1] at 2.  In response, Defendant has filed a motion to dismiss or, alternatively, for summary judgment.  In the motion, the government argues that (1) Paviglianti's actions are covered by the discretionary function exception to the FTCA's waiver of sovereign immunity and, alternatively, (2) that his actions were justified because they were taken in self-defense. Having considered the motion and Villegas's response, the undersigned recommends that summary judgment be granted.

At the time of the alleged incident, Villegas was housed in the Special Housing Unit (SHU) at FCC-Yazoo.  The above-quoted section from Plaintiff's verified complaint contains the only specific details offered by Plaintiff in support of his claim.  In support of

---

[1] Villegas is currently housed at the Federal Correctional Institution in Terre Haute, Indiana.

its motion, the government has submitted a declaration by Officer Paviglianti, [27-2], in which Paviglianti gives the following version of the relevant events.  At the time of the incident, Paviglianti was assigned to the SHU and was performing a laundry exchange, a process by which prisoners hand their dirty towels to an officer through the food tray slot and receive a fresh towel in exchange.  When Paviglianti approached the cell occupied by Villegas and his cell mate, Paviglianti observed torn pieces of towels and sheets in the cell.  Villegas's cell mate attempted to exchange a towel torn in half, but Paviglianti refused it and advised him that he would return later and search the cell after he completed the laundry exchange.  Villegas began to protest verbally and threw the torn towel through the tray slot.  Paviglianti again stated that he would not exchange the torn towel and would return to conduct a search.  Villegas then stepped away from the door.  However, when Paviglianti approached the door with the intent of securing the tray slot, Villagas stepped back up to the door and angrily demanded a new towel. Paviglianti again stated his intent to search the cell.  He then reached down to secure the food slot, but Villegas reached through the slot toward Paviglianti. Paviglianti then attempted to secure the tray slot because he feared that Villegas was either attempting to strike him, had retrieved a weapon when he had stepped back, or was reaching for Paviglianti's keys.  Paviglianti's attempt to secure the slot caused Villegas's hand to be trapped in it.  Villegas continued to attempt to push it open as Paviglianti ordered him to stop and to step away from the door.  After several commands, Villegas moved his hand, and Paviglianti was able to secure the tray slot.

2

The FTCA waives sovereign immunity for certain torts committed by federal employees. Section 2680(h) generally excludes intentional torts, including assault and battery, from the waiver. However, the "law enforcement proviso" of § 2680(h) provides that the intentional-tort exclusion does not apply when those torts are committed by federal investigative or law enforcement officers. Stated otherwise, a claim may be brought against the United States for the intentional tort of a government employee if that employee is a law enforcement officer. The Fifth Circuit has held that BOP officers are law enforcement officers within the meaning of the statute. *Chapa v. United States Dept. of Justice*, 339 F.3d 388, 390 (5th Cir. 2003). Thus, § 2680(h) applies to this action.

Defendant argues that Villegas's claims are barred by the FTCA's discretionary function exception, which provides that sovereign immunity is not waived for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of . . . an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The test for whether an action falls within the discretionary function exception is two-pronged. *See United States v. Gaubert*, 499 U.S. 315, 322-23 (1991). First, the court considers whether the employee's actions were discretionary, *i.e.*, a matter of judgment or choice. *Id.* at 322. An action is not a matter of choice if a federal statute, regulation, or policy specifically prescribes a course of conduct, since the employee is required to follow the directive. *Ashford v. United States*, 511 F.3d 501, 505 (5th Cir. 2007). If the actions

3

were discretionary, the court then determines whether the actions were based upon considerations of public policy. *See Gaubert*, 499 U.S. at 322-23.

In this circuit, the discretionary function exception does not present an absolute bar to an action brought under § 2680(h). *See Sutton v. United States of America*, 819 F.2d 1289 (5th Cir. 1987). Rather, where the government claims the protection of the discretionary function exception in an action brought under the law enforcement proviso, the court is to balance the interests represented by §§ 2680(a) and 2680(h) to determine whether the discretionary function exception bars the suit. *Id.*[2] Those interests are, respectively, the interest in shielding certain governmental activities from judicial second-guessing, *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984), and the interest in protecting citizens from the intentional torts of federal law enforcement officers. *Sutton* counsels that this balancing requires consideration of the specific facts of the case and the "nature and quality" of the officer's conduct. *Sutton*, 819 F.2d at 1298-99.

Since Defendant supports its motion with material outside of the pleadings, the undersigned has considered Defendant's motion under Rule 56, as requested by Defendant in the alternative, rather than under Rule 12(b)(6). Summary judgment is

---

[2] In Sutton, the court was faced with allegations that a Postal Service Investigator had committed the intentional torts of malicious prosecution, false arrest, and abuse of process in connection with a fraud investigation. The lower court had dismissed the claims, relying upon *Gray v. Bell*, 712 F.2d 490 (D.C. Cir. 1983), in which that court had held that actions falling under the law enforcement proviso must first clear the discretionary function exception. On appeal to the Fifth Circuit, the *Sutton* plaintiffs argued that claims under § 2680(h) may be maintained without regard to whether the officer's actions fall within the discretionary function exception. After consideration of the statutory history of the law enforcement proviso, the Fifth Circuit opted for a middle course between these two positions, concluding that neither § 2680(a) nor § 2680(h) is exclusive of the other and that both provisions must be read together and the interests represented by each balanced. *Sutton*, 819 F.2d at 1298-1300. The Fifth Circuit remanded the case for further fact-finding. *Id.* at 1300.

4

appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of establishing the existence of a genuine factual issue "is not satisfied by 'some metaphysical doubt as to the material facts,' by "conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (citations omitted).

In his response to Defendant's motion, Plaintiff acknowledged his obligation to "set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." [30] at 4. Plaintiff did not, however, provide any such facts in his response. Rather, one sentence in Plaintiff's verified complaint provides the only factual allegation offered by Plaintiff in support of his claim. Specifically, Plaintiff's complaint alleges that Officer Paviglianti "intentionally, without justification, wantonly, and wrongly slam[med] a metal access door on Plaintiff's left hand." The undersigned concludes that Plaintiff's lone allegation in his complaint does not create a *genuine* issue as to the relevant events. It consists almost entirely of conclusory allegations and legal conclusions. The only actual fact in Plaintiff's statement is that Officer Paviglianti "slam[med] a metal access door on Plaintiff's left hand" – a fact that is not in dispute. When confronted with Paviglianti's affidavit, Plaintiff failed to come forward with any further evidence concerning the incident. Thus, Plaintiff has failed to show that a genuine factual dispute exists on the issue of whether Paviglianti's actions were not discretionary. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'")

(quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Accordingly, the undersigned recommends that the government's motion be granted and that this action be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 24th day of July, 2017.

s/ F. Keith Ball
United States Magistrate Judge
